# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32378**

————————————

**UNITED STATES**
*Appellee*

v.

**Latavius K. COLLINS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 March 2017

————————————

*Military Judge:* Donald R. Eller, Jr.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, and reduction to E-1. Sentence adjudged 3 December 2015 by SpCM convened at Aviano Air Base, Italy.

*For Appellant:* Major Virginia M. Bare, USAF; Captain Allen S. Abrams, USAF.

*For Appellee:* Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Senior Judge J. BROWN delivered the opinion of the Court, in which Chief Judge DREW and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

J. BROWN, Senior Judge:

At a judge-alone special court-martial, Appellant was convicted, consistent with his plea and in accordance with a pretrial agreement, of divers use of marijuana and divers distribution of marijuana, in violation of Article 112a,

Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[*] The military judge sentenced Appellant to a bad-conduct discharge, confinement for three months, and reduction to E-1. As Appellant was credited with 113 days of pretrial confinement and the convening authority agreed to direct his immediate release as a term of the pretrial agreement, Appellant was released from confinement once the military judge adjourned the trial.

The pretrial agreement included a provision that any confinement would be deferred until action and then disapproved by the convening authority. Despite this, and without explanation, the convening authority (CA) approved the sentence as adjudged. We approve all but the three months of adjudged confinement.

## I. DISCUSSION

Appellant entered into a pretrial agreement with the CA where Appellant agreed to plead guilty to divers use of marijuana and divers distribution of marijuana, plead not guilty to a specification of possession of marijuana, enter into a reasonable stipulation of fact, elect to be tried by military judge alone, request no witnesses or consultants at Government expense, and, other than a motion in limine and a request for sentencing credit, waive all waivable motions. In return, the CA agreed, among other things, to defer any adjudged confinement until action and approve no confinement.

Appellant satisfied all the terms of the pretrial agreement and the Government dismissed with prejudice the possession of marijuana specification. The staff judge advocate's recommendation subsequently advised the CA of the terms of the pretrial agreement and, in accordance with that agreement, advised the CA to approve all but the confinement. In his clemency submission, Appellant, while highlighting that the pretrial agreement required the CA to disapprove the confinement, requested that the CA also disapprove the reduction in rank.

The addendum to the staff judge advocate's recommendation, however, departed from the original advice and, without explanation, advised the CA to approve the findings and sentence as adjudged. The CA's action approved the sentence as adjudged, to include the three months of confinement.

In the instant case, the CA's action was erroneous as it failed to disapprove the adjudged confinement as required by the pretrial agreement. Although we could return the record for a corrected CA's action, we are able to correct the

---

[*] Pursuant to a pretrial agreement, the Government dismissed with prejudice a specification alleging divers possession of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.

error without remanding the case. When a CA fails to take action required by a pretrial agreement, this court has authority to enforce the agreement. *See United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972). Under Article 66(c), UCMJ, this court is empowered to "affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, *should* be approved." 10 U.S.C. § 866 (emphasis added). We exercise that authority here to enforce the terms of the pretrial agreement.

## II. CONCLUSION

We affirm only so much of the sentence as provides for a bad-conduct discharge and reduction to E-1. The findings and modified sentence are correct in law and fact, and no further error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and modified sentence are **AFFIRMED.**

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court